UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>     Plaintiff,<br><br>     v.<br><br>CARE.COM, INC.,<br><br>     Defendant. | **Case No. 1:24-cv-987**<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF** |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction, Monetary Judgment, and Other Relief ("Complaint"), for a permanent injunction, monetary relief, and other relief in this matter, pursuant to Sections 5(m)(1)(B), 13(b), 19 and 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(m)(1)(B), 53(b), 57b and 56(a)(1), and under Section 5 of the Restore Online Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. § 8404. Defendant has waived service of the summons and the Complaint. The Commission and Defendant stipulate to the entry of this Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Defendant participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and Section 5 of ROSCA, 15 U.S.C. § 8404, in connection with the advertising, marketing, promotion, offering for sale, or sale of memberships to use its Platform.

3.      Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

4.      Defendant waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney fees.

5.      Defendant and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

### DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.      "**Billing Information**" means any data that enables any person to access a customer's account, such as a credit card, checking, savings, share or similar account, utility bill, mortgage loan account, or debit card.

B.      "**Charge**," "**Charged**," or "**Charging**" means any attempt to collect money or other consideration from a consumer, including causing Billing Information to be submitted for payment, including against the consumer's credit card, debit card, bank account, telephone bill, or other account.

C.      "**Clear(ly) and Conspicuous(ly)**" means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1.      In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented.  In any communication made through both visual and audible means, such as a television advertisement,

2

the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2.      A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3.      An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4.      In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5.      The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

6.      The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7.      The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8.      When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

D.      **"Defendant"** means Care.com, Inc. and its successors and assigns.

E.      **"Earnings Claim"** means any representation, specific or general, about income, earnings, or financial gains. Earnings Claims include any representation, even hypothetical, of

3

how much money a consumer could or would earn from any job obtained through the Platform. Earnings Claims do not include any statement made by a consumer displayed on the Platform, except to the extent that Defendant makes a representation that is based upon, or derived from, such statement.

F.      "**Negative Option Feature**" means, in an offer or agreement to sell or provide any good or service, a provision under which the consumer's silence or failure to take affirmative action to reject a good or service or to cancel the agreement is interpreted by the seller or provider as acceptance or continuing acceptance of the offer.

G.      "**Platform**" means website(s) or software application(s) that allow consumers seeking to obtain or provide caregiver services in the United States to connect with one another.

## ORDER

## I.      PROHIBITION CONCERNING EARNINGS CLAIMS

IT IS ORDERED that Defendant, Defendant's officers, agents, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale, or sale of any Platform membership or caregiver service, are permanently restrained and enjoined from making any Earnings Claim, expressly or by implication, unless the representation is non-misleading, and at the time such representation is made, Defendant possesses and relies upon competent and reliable evidence that is sufficient in quality and quantity to substantiate that the representation is true. Solely with respect to non-misleading representations that expressly convey pay rates posted by consumers on the Platform, including the average of consumers' posted pay rates, competent and reliable evidence may consist of such posted pay rates, provided

Defendant does not have evidence that average actual earnings are less than the average of consumers' posted rates.

## II.    PROHIBITION AGAINST MISREPRESENTATIONS

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the promoting, offering for sale, or sale of any good or service, are permanently restrained and enjoined from misrepresenting, expressly or by implication that a specified number of jobs is available on the Platform unless all such jobs were posted by Platform users permitted to communicate through the Platform with Platform users who can apply to those postings.

## III.    REQUIRED DISCLOSURES

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the promoting, offering for sale, or sale of any good or service with a Negative Option Feature, are permanently restrained and enjoined from representing that a Platform user can apply to a job posting without Clearly and Conspicuously disclosing, before obtaining the Platform user's Billing Information, any material limitation on communications between Platform users that are set forth in the terms of a Platform user's membership.

## IV.    SIMPLE CANCELLATION OF NEGATIVE OPTION

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or

offering for sale any product or service with a Negative Option Feature, must provide a simple mechanism for the consumer to cancel the Negative Option Feature, avoid being Charged for the product or service, and immediately stop any subsequent or recurring Charge. Such mechanism must:

      A.     Be easy to find;

      B.     Be at least as easy to use as the method the consumer used to initiate the Negative Option Feature;

      C.     Be provided through the same medium (such as Internet, telephone, mail, or in-person) the consumer used to consent to the Negative Option Feature; and

      1.   To the extent the consumer consented to the Negative Option Feature through the Internet, Defendant must provide the simple mechanism at all times through the same Internet website or software application the consumer used to consent to the Negative Option Feature, and

      2.   To the extent the consumer consented to the Negative Option Feature through the telephone, Defendant must provide a toll-free telephone number through which the consumer can cancel, and ensure all calls to this number are answered promptly during normal business hours and are not more costly than the telephone call the consumer used to consent to the Negative Option Feature.

## V. JUDGMENT FOR MONETARY RELIEF

IT IS FURTHER ORDERED that:

      A.     Judgment in the amount of Eight Million Five Hundred Thousand Dollars ($8,500,000) is entered in favor of the Commission against Defendant, as monetary relief.

B.      Defendant is ordered to pay to the Commission Eight Million Five Hundred Thousand Dollars ($8,500,000), which, as Defendant stipulates, its undersigned counsel holds in escrow for no purpose other than payment to the Commission.  Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

## VI.  ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.      Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.      The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.      Defendant acknowledges that its Employer Identification Numbers, which Defendant must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

E.      All money received by the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially

impracticable or money remains after such redress is completed, the Commission may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to Defendant's practices alleged in the Complaint. Any money not used for relief is to be deposited to the U.S. Treasury. Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VII.  CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Defendant must provide it, in the form prescribed by the Commission, within 14 days.

## VIII. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendant obtain acknowledgments of receipt of this Order:

A.      Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For 3 years after entry of this Order, Defendant must deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order;

and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

      C.      From each individual or entity to which a Defendant delivered a copy of this Order, Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## IX. COMPLIANCE REPORTING

      IT IS FURTHER ORDERED that Defendant make timely submissions to the Commission:

      A.      One year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury. Defendant must:

      1.      identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant;

      2.      identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

      3.      describe the activities of each business, including the goods and services offered, the Earnings Claims and representations of job availability made, type of Negative Option Features offered, disclosures to consumers, and simple mechanisms to cancel;

      4.      describe in detail whether and how Defendant is in compliance with each Section of this Order; and

      5.      provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.      For 10 years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.      designated point of contact; or

2.      the structure of Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.      Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.      Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Care.com.

## X. RECORDKEEPING

IT IS FURTHER ORDERED that Defendant must create certain records for 10 years after entry of the Order, and retain each such record for 5 years.  Specifically, Defendant must create and retain the following records:

A.    accounting records showing the revenues from all goods or services sold;

B.    personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.    records of all consumer complaints concerning the subject matter of the Order, whether received directly or indirectly, such as through a third party, and any response;

D.    records of all refund requests concerning the subject matter of the Order, received by Defendant's customer service or legal department, directly or indirectly, such as through a third party, and any response;

E.    all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission;

F.    a copy of each unique advertisement or other marketing material that includes either an Earnings Claim(s) or a representation about the number of jobs or job postings on the Platform;

G.    substantiation for Earnings Claims made since the issuance of this Order;

H.    substantiation for the number of jobs advertised as available;

I.    copies of all versions of cancellation paths or flows utilized since the issuance of this Order; and

J.    all records related to the number of consumers who seek to cancel a Negative

11

Option Feature on the Platform but either encounter difficulty or fail to do so.

## XI. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendant's compliance with this Order, including any failure to transfer any assets as required by this Order:

A.      Within 14 days of receipt of a written request from a representative of the Commission, Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant.  Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.      The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XII. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

It is finally ORDERED this case is CLOSED.

SIGNED this 30th day of August, 2024.

_____

UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:**

**FEDERAL TRADE COMMISSION**

_____          Date:  8/23/2024

EDWARD HYNES
New York Bar No. 4887584
ehynes@ftc.gov; (214) 979-9381
ERICA HILLIARD
Mississippi Bar No. 104244
ehilliard@ftc.gov; (202) 480-1033
1999 Bryan St., Ste. 2150,
Dallas, Texas 75201

**FOR DEFENDANT CARE.COM, INC.:**

_____          Date:  _____

John J. Butts
Frank Gorman
Brittany R. Warren
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

Counsel for Care.com, Inc.

13

SO ORDERED this ___ day of _____, 202__.

_____

UNITED STATES DISTRICT JUDGE


**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:**

**FEDERAL TRADE COMMISSION**


_____                    Date: _____

EDWARD HYNES
New York Bar No. 4887584
ehynes@ftc.gov; (214) 979-9381
ERICA HILLIARD
Mississippi Bar No. 104244
ehilliard@ftc.gov; (202) 480-1033
1999 Bryan St., Ste. 2150,
Dallas, Texas 75201


**FOR DEFENDANT CARE.COM, INC.:**


_____                    Date: 7/1/2024

Frank Gorman
John J. Butts
Brittany R. Warren
Wilmer Cutler Pickering Hale and Dorr LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Frank.Gorman@wilmerhale.com
John.Butts@wilmerhale.com
Brittany.Warren@wilmerhale.com
202-663-6000

Counsel for Care.com, Inc.

13

*Bradley E. Wilson*
_____

Brad E. Wilson
Chief Executive Officer
Care.com, Inc.

Date: 7/1/2024
_____